UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL PERKINS,

                          Plaintiff,

    -against-                                          9:12-CV-0459 (LEK/RFT)

DAVID A. ROCK; *et al.*,

                          Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

      This action was commenced by *pro se* Plaintiff Michael Perkins ("Plaintiff") on March 14, 2012, seeking relief for the alleged violation of Plaintiff's constitutional rights during his confinement at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1 ("Complaint"). In his Complaint, Plaintiff alleges that he was assaulted, denied adequate medical treatment, and threatened with future assaults by Upstate C.F. employees in December 2011. See generally id.

      On June 11, 2012, Plaintiff's Motion to proceed *in forma pauperis* was granted in accordance with 28 U.S.C. § 1915(g) by Decision and Order, and service of process was directed. See Dkt. No. 6 ("June Order"). In so ruling, the Court made a preliminary finding that Plaintiff sufficiently alleged that he was "under imminent danger of serious physical injury" when he filed this action and was, therefore, entitled to commence this action *in forma pauperis*. Id. at 5.

      Prior to service of process on Defendants, Plaintiff sought and was granted leave to file an amended complaint. See Dkt. No. 16 ("August Order"). The Amended Complaint is now the operative pleading in this action. Dkt. No. 17 ("Amended Complaint"). In lieu of an answer, Defendants filed a Motion to revoke Plaintiff's *in forma pauperis* status and to dismiss the Complaint

should Plaintiff fail to pay the filing fee. Dkt. No. 44.[1] Presently before the Court are Motions from Plaintiff seeking preliminary injunctive relief. Dkt. Nos. 12 ("First Motion"), 13 ("Second Motion"), 15 ("Third Motion"), 22 ("Fourth Motion"), 24 ("Fifth Motion"), 41 ("Sixth Motion"), 47 ("Seventh Motion"), 51 ("Eighth Motion"), 53 ("Ninth Motion"), 55 ("Tenth Motion"). Defendants oppose the Motions. Dkt. Nos. 44, 48, 56.

## II. LEGAL STANDARD

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011); Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006), amended on other grounds, 480 F.3d 138 (2d Cir. 2007); see also Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Citigroup Global Mkts., 598 F.3d at 35 n.4 (internal quotation

---

[1] Defendants' Motion has been referred to the Honorable Randolph F. Treece, United States Magistrate Judge, for consideration and issuance of a report and recommendation.

marks omitted).[2]

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Candelaria v. Baker, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations and internal quotation marks omitted); see also, e.g., Scarborough v. Evans, No. 09-CV-0850, 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties where complaint alleged denial of mental health care and proper conditions of confinement); Lewis v. Johnston, No. 08-CV-0482, 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997); accord Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010); Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010); Devose v. Harrington, 42 F.3d 470, 471 (8th Cir. 1994). Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. See FED. R. CIV. P. 65(d) (stating that "[e]very order granting an injunction . . . binds only . . . the parties"); United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988);

---

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. See 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, a court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. See id. § 3626(a)(1)(A).

Slacks v. Gray, No. 9:07-CV-0510, 2008 WL 2522075, at *1 n.1 (N.D.N.Y. Jun. 25, 2008).

## III. DISCUSSION

### A. First Motion

Plaintiff's first application for preliminary injunctive relief requests an order from the Court transferring him away from Upstate C.F. for his well-being and personal safety. See First Mot. Plaintiff states that upon his return to Upstate C.F. in July 2012 he was assigned to the "housing unit where prisoner's whom [sic] litigate pursuant to the violations of their constitutional rights are placed and constantly harassed by the security staff and even assaulted." Id. at 1-2. Plaintiff does not allege that he has been assaulted or harassed but, rather, states only his belief that correction staff "do intend to assault the plaintiff for a third time in the near future." Id. at 2.

The Court finds that there is no basis in the present record upon which this Court may grant Plaintiff's request that he be transferred from Upstate C.F. The Department of Corrections and Community Supervision ("DOCCS") is not a party to this action, and an injunction regarding the location of Plaintiff's confinement may not properly be directed at Defendants, none of whom are identified as high-ranking officials of DOCCS. Moreover, Plaintiff's desire to be confined in a different correctional facility, no matter how sincere, is not sufficient to warrant the requested judicial relief. It is DOCCS, and not the Court, that determines where Plaintiff will be housed during his period of incarceration. See Meachum v. Fano, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States."); see also Olim v. Wakinekoma, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); Montayne v. Haymes, 427 U.S. 236, 243 (1976) (stating that New York state prisoners have no right to incarceration at a particular prison

4

facility). Further, DOCCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail." McFadden v. Solfaro, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998).

Nevertheless, in light of Plaintiff's *pro se* status, the Court has considered whether Plaintiff has demonstrated that preliminary injunctive relief of some form is warranted and concludes that he has not.

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" Bisnews AFE (Thail.) Ltd. v. Aspen Research Grp. Ltd., 437 F. App'x 57, 58 (2d Cir. 2011) (quoting Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009)). Speculative, remote, or future injury is not the province of injunctive relief. Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Bisnews AFE (Thail.), 437 F. App'x at 58 (quoting Faiveley, 559 F.3d at 118).

Plaintiff's allegations of past misconduct, even if true, are not sufficient to demonstrate irreparable harm from future misconduct. See Garcia v. Arevalo, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("Even if Plaintiff successfully shows that such beatings actually took place, which he has not, this Court may not . . . grant[] a preliminary injunction based solely on past, illegal conduct."). Plaintiff's belief that Defendants will likely use excessive force against him in the future and that he will suffer irreparable injury if that occurs, is purely speculative. While the Court notes the gravity of Plaintiff's concerns, the extraordinary relief sought by Plaintiff is simply not

5

available to remedy harms that are speculative in nature.  Slacks v. Gray, No. 9:07-CV-0501, 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury); Ward v. LeClaire, No. 9:07-CV-0026, 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007) (holding that a request for injunctive relief against threats of future harm and harassment by prison officials is too speculative to meet the irreparable harm requirement).[3]

As a result, Plaintiff's First Motion for preliminary injunctive relief is denied.

**B.  Second and Third Motions**

In his Second Motion for injunctive relief, filed August 6, 2012, Plaintiff renews his request to be transferred out of Upstate C.F.  Second Mot.  In support of this Motion, Plaintiff states that he has seen blood in his stool and is "under the impression that he has been poisoned."  Id. at 3.  Plaintiff alleges that he has been denied treatment "or medical examination by a urologist."  Id.  Plaintiff's third request for injunctive relief was received for filing one week later.  Third Mot.  The Third Motion essentially restates the allegations of the Second Motion.  Plaintiff requests that the Court issue an order directing that he be examined by a urologist at an outside medical facility.  Id. at 4.

Upon review, the Court finds that Plaintiff has not made the showing required for the issuance of preliminary injunctive relief.  Plaintiff's belief that his symptoms are due to intentional acts of poisoning are purely speculative.  These allegations are not supported by any evidence, such as exhibits, medical reports, affidavits from other inmates, or any other proof.  On the other hand, Plaintiff's submission of a "'Propper Seracult' (A Test for Fecal Occult Blood for In Vitro Diagnostic

---

[3] Plaintiff's failure to demonstrate a likelihood of success on the merits of his underlying claims also warrants denial of his First Motion.  See Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); Hancock v. Essential Res., Inc., 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

6

Use)" clearly suggests that he was offered medical evaluation and treatment.[4] In addition, excerpts from Plaintiff's medical records for this period indicate that he was evaluated at sick call for this symptom approximately six times during August 2012. See Dkt. No. 45 at 14-25. To the extent that Plaintiff questions or disagrees with the medical care that he is receiving at Upstate C.F., the Court notes "that mere disagreement over the proper treatment does not create a constitutional claim." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see id. ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

Upon due consideration of the Second and Third Motions, the Court finds that Plaintiff has failed to demonstrate irreparable harm or that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him.

As a result, Plaintiff's Second and Third Motions for preliminary injunctive relief are denied.

**C. Fourth Motion**

Plaintiff filed his Fourth Motion for injunctive relief on September 4, 2012. Fourth Mot. In this ninety-two page filing, Plaintiff alleges that he has been subjected to ongoing harassment and retaliation, and he seeks an outside medical evaluation and an order directing that he be removed from Upstate C.F. Id. at 2. According to Plaintiff, he has "constantly been retaliated against, harassed and denied medical care repeatedly." Id. at 3. Plaintiff also claims that he was denied his in-cell property

---

[4] The test kit, submitted with Plaintiff's Third Motion, appeared to have been used and was encased in plastic wrap. By Order filed August 14, 2012, the Court determined that the test kit was not necessary to resolution of the Motion, denied Plaintiff's request to have the test kit evaluated, and directed the Clerk to destroy it. Text Order dated August 14, 2012.

for several days, access to the law library, hot water with meals, a new red pen, and his kosher meals. Id. at 4. Plaintiff identifies C.O. Schrader and Nurse Holmes as the individuals responsible for most of the conduct complained of.[5] However, neither C.O. Schrader nor Nurse Holmes is a defendant in this action.

Upon a thorough review of the Fourth Motion, the Court finds that Plaintiff has not made any showing that he faces irreparable harm from the conduct complained of, or that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him. Moreover, to the extent that Plaintiff seeks to enjoin the actions of non-parties, the Court lacks subject matter jurisdiction to enjoin their actions. See, e.g., FED. R. CIV. P. 65(d); Regan, 858 F.2d at 120.

In light of the foregoing, Plaintiff's Fourth Motion for injunctive relief is denied.

**D. Fifth Motion**

Plaintiff's Fifth Motion for injunctive relief requests that criminal charges of fraud and mail misuse be brought against inmate Henry Benitez. Fifth Mot. Plaintiff claims that Benitez is trying to "dismantle my litigations." Id. at 1. According to Plaintiff, Benitez has improperly "ordered" his litigation and sent "frauded letters and feces to all the presiding judges." Id.

A plaintiff does not have a constitutional right to bring or to compel a criminal prosecution against one whom he alleges caused injury and damages. Graham v. City of Albany, No. 08-CV-0892, 2009 WL 4263510, *9-10 (N.D.N.Y. Nov. 23, 2009); Chandler v. Carroll, No. 1:09-CV-58, 2009 WL 2514428, at *5 (D. Vt. Aug. 12, 2009); Price v. Hasly, No. 04-CV-0090, 2004 WL 1305744, at *2

---

[5] Plaintiff also claims that a false misbehavior report was issued against him by C.O. Schrader the day after he accused her of sexual misconduct, and that he began to have "problems with his bowel movements" shortly thereafter. Fourth Mot.

(W.D.N.Y. June 8, 2004). Moreover, the specific relief requested is beyond the purview of this Court; initiating a criminal complaint or prosecution rests solely within the discretion of district attorneys or other prosecuting authorities.

The Court has considered whether Plaintiff has demonstrated that preliminary injunctive relief of some form is warranted and concludes that he has not. Benitez is not a party to this action. In addition, Plaintiff's allegations are unsubstantiated. As a result, Plaintiff's Fifth Motion for preliminary injunctive relief is denied.

**E. Sixth Motion**

Plaintiff's Sixth Motion for injunctive relief seeks an order of the Court "ordering the security staff and employees of Upstate Correctional Facility to cease and desist hampering and denying the Plaintiff access to the Court and constantly harassing the Plaintiff." Sixth Mot. Plaintiff alleges that his mail has been interfered with by three corrections officers (not defendants in this action) whom he accuses of "exchanging [his legal mail] with trash." Id. at 4-5. Plaintiff further alleges that these officers have tampered with his food and/or denied him hot water with his meals. Id. at 5. Plaintiff also asserts, in wholly conclusory terms, that he has been repeatedly beaten by unnamed security staff and denied medical care by unnamed medical staff. Id. at 5.[6] In addition, Plaintiff complains that he received false misbehavior reports charging him with improperly being in possession of legal materials belonging to other inmates, resulting in the suspension of his entitlement to additional legal supplies in

---

[6] Plaintiff offers no specific allegations of fact regarding these incidents (such as the location thereof or the injuries inflicted) or, with respect to his medical care, the conditions for which he sought treatment.

9

violation of his right to access the courts. See Sixth Mot. at 3; Dkt. No. 41-1 at 2, 3.[7]

The Court concludes that Plaintiff has not demonstrated irreparable harm, nor has he shown that he has a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him. As in his Fourth Motion for injunctive relief, Plaintiff complains primarily of actions taken by individuals who are not parties to this litigation and against whom redress is not available herein. Therefore, Plaintiff's Sixth Motion for preliminary injunctive relief is denied.

**F.  Seventh Motion**

Plaintiff filed a Seventh Motion for preliminary injunctive relief on December 6, 2012, seeking an order of the Court "ordering the named defendants from taking Plaintiff within the Upstate Correctional Facility infirmary at any time" or "under any circumstances." Seventh Mot. at 1; Dkt. No. 47-1 at 1. According to Plaintiff, on December 1, 2012, he was told by an unidentified staff member to report to the infirmary for a medical trip. Dkt. No. 47-1 at 2. December 1, 2012, was a Saturday, and because Plaintiff believed that there would be no movement on Sunday, Plaintiff was "under the impression that he was going to be taken to [the infirmary] and physically beaten again for seeking civil litigation." Id. Plaintiff recounts his claim that he was physically beaten on December 7, 2011, and March 25, 2012, and states that he is afraid to enter the infirmary. Id.

---

[7] Plaintiff was charged by corrections staff (not defendants in this action) with possessing legal memoranda belonging to inmates Herman Cruz and Eugene Jones. See Dkt. No. 41-1 at 2, 3. Plaintiff also renews his request that Benitez be criminally prosecuted and/or otherwise restrained from interfering in Plaintiff's litigation. Seventh Mot. at 3-4. In support of this request, Plaintiff has submitted a copy of a letter he received from the Chemung County Supreme Court Chambers of Justice Fitzgerald, which notes that inmate Benitez had written to Justice Fitzgerald identifying himself as Plaintiff's assigned legal assistant. See Dkt. No. 41-1 at 18-19. Whatever the circumstances of that matter may be, it has no bearing on this litigation and affords no basis for the issuance of injunctive relief.

As noted *supra*, allegations of past harm do not suffice to demonstrate irreparable harm. Plaintiff's fears of future harm at the hands of unnamed individuals are insufficient to justify injunctive relief. Therefore, Plaintiff's Seventh Motion for preliminary injunctive relief is denied.

### G. Eighth Motion

Plaintiff's Eighth Motion for injunctive relief seeks an order directing that Defendants not interfere with Plaintiff's legal mail to the Court and to the Attorney General's Office.[8] Eighth Mot. Plaintiff contends that he was improperly denied free legal postage on a recent mailing to Defendants' counsel and therefore had to pay excess postage from his inmate account. Id. at 5. Plaintiff seeks an order of the Court directing Defendants to refrain from interfering with his mail or, in the alternative, staying this action "until December 19, 2013, when plaintiff will be released from prison." Id. at 7.

The Court denies Plaintiff's Eighth Motion. The mailing described by Plaintiff (his Response in opposition to Defendants' Motion to revoke his *in forma pauperis* status) was duly mailed by his facility and received for filing on December 19, 2012. See Dkt. No. 50. Plaintiff's concerns regarding the postage owed may be addressed through the inmate grievance procedure at Upstate C.F. and afford no basis for the relief requested.

### H. Ninth Motion

Plaintiff's Ninth Motion for injunctive relief seeks an order of the Court directing all named Defendants to "desist and cease harassing and retaliating" against him. Ninth Mot. In support of his Motion, Plaintiff alleges that his legal documents are being mishandled and that he is being denied "toilet tissue, toothpaste, and soap (hygiene needs)." Id. at 3.

---

[8] Plaintiff also submitted several excerpts from his medical records with this Motion; these records do not have any bearing on this matter.

The Court concludes that Plaintiff has not made the showing required for the issuance of mandatory injunctive relief. None of the matters complained of demonstrate irreparable harm. The Court notes, moreover, that while Plaintiff claims that Defendants are personally involved in the alleged misconduct, only one of the six individuals named in his Motion is a Defendant in this action. Id. at 3. Accordingly, there is no basis in the present record upon which the Court could conclude that a relationship exists between these matters and this litigation. Candelaria, 2006 WL 618576, at *3 ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (citations and quotation omitted)). As a result, Plaintiff's Ninth Motion is denied.

**I. Tenth Motion**

On January 9, 2013, Plaintiff filed his Tenth Motion seeking injunctive relief, specifically his removal from Upstate C.F. Tenth Mot. Plaintiff alleges that he is the subject of "constant forms of retaliation" by the named Defendants. Id. at 1. Plaintiff states that "there is but so much abuse a man can stand before he begins to retaliate against his abusers." Id. at 3.

As he has in prior Motions, Plaintiff claims, *inter alia*, that he is being charged excessive postage; denied adequate legal supplies, access to the law library, and personal hygiene items; and subjected to acts of sexual harassment by a corrections officer. Id. at 1-2. Also, as in many of Plaintiff's prior Motions, the staff at Upstate C.F. identified as responsible for the alleged misconduct are not Defendants in this action. Id. at 1-2.[9] Because Plaintiff has not demonstrated irreparable harm and because there is not any relationship between the claims Plaintiff raises in his Complaint and the

---

[9] Plaintiff identifies fifteen staff members and Defendant Rock. Dkt. No. 55 at 1-2. Of those, only Defendant Rock is a party to this action.

acts of misconduct that form the basis of his Motion for injunctive relief, the Court denies Plaintiff's Tenth Motion.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motions (Dkt. Nos. 12, 13, 15, 22, 24, 41, 47, 51, 53, 55) for preliminary injunctive relief are **DENIED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:   February 19, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge