**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL PERKINS,

                        Plaintiff,

           - v -                                Civ. No. 9:12-CV-0459
                                                 (LEK/RFT)
DAVID A. ROCK, *et al.*,

                        Defendants.

**APPEARANCES:**                             **OF COUNSEL:**

MICHAEL PERKINS
Plaintiff, *Pro Se*
*Last Known Address*:
95-A-0851
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN           DOUGLAS J. GOGLIA, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Plaintiff Michael Perkins commenced this action *pro se* in March 2012, seeking relief, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Dkt. No. 1, Compl. At the time of the initiation of this action, Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and was incarcerated at Upstate Correctional Facility.

On June 11, 2012, the Honorable Lawrence E. Kahn, Senior United States District Judge, conducted an initial screening of Plaintiff's Complaint. Dkt. No. 6, Dec. & Order. After directing dismissal of certain claims and Defendants, Judge Kahn directed service on the remaining Defendants.[1] *Id.* Within that Decision and Order, Judge Kahn advised Plaintiff of his obligation to maintain an updated address with the Court and opposing counsel. Specifically, Judge Kahn stated: "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action.**" *Id.* at p. 11 (emphasis in original).

After considerable motion practice by both parties,[2] the Court issued a Mandatory Pretrial Discovery and Scheduling Order on October 8, 2013, setting the discovery deadline at April 7, 2014, and the deadline to file dispositive motions at July 7, 2014. Dkt. No. 65. On May 27, 2014, Defendants' counsel, who had been reassigned this case, asked that discovery be reopened for the sole purpose of taking Plaintiff's deposition. Dkt. No. 72. That request was granted and the Court set July 25, 2014, as the deadline to complete that deposition, and set the dispositive motion filing deadline at September 26, 2014. Dkt. No. 73. Days later, the Defendants' counsel submitted a Letter-Motion to the Court seeking dismissal of the action due to Plaintiff's failure to keep the Court and Defendants apprised of his current whereabouts. Dkt. No. 74. According to Defendants' Letter-Motion, Plaintiff was released from the custody of the Department of Corrections and Community

---

[1] Judge Kahn noted that Plaintiff had accumulated three or more strikes, pursuant to 28 U.S.C. § 1915(e), prior to bringing this action, but he nevertheless sufficiently alleged that at the time the Complaint was filed he was "under imminent danger of serious physical injury" and thus, his request to proceed with this action *in forma pauperis* ("IFP") was granted and the United States Marshal was directed to effectuate service on Plaintiff's behalf. Dkt. No. 2, IFP App.; Dkt. No. 6, Dec. & Order, at pp. 2-5 & 10; *see also* 28 U.S.C. § 1915.

[2] Such motion practice includes Plaintiff's Motion to Amend (Dkt. No. 10), Plaintiff's Motions for Preliminary Injunctive Relief (Dkt. Nos. 12, 13, 15, 22, 24, 41, 47, 51, 53, & 55); and Defendants' Motion seeking Revocation of Plaintiff's *in forma pauperis* status (Dkt. No. 44).

Supervision ("DOCCS") on December 18, 2013, after serving the maximum sentence imposed. *Id*.

According to information publically available on the New York State DOCCS website, Plaintiff was indeed released from DOCCS custody on December 18, 2013, after serving the maximum time of incarceration for his underlying state conviction. *See* N.Y.S. DOCCS Inmate Information website, *available at* http://nysdoccslookup.doccs.ny.gov (information obtained for DIN# 95-A-0851). Since the time of such release, Plaintiff has not contacted this Court to advise of any change in his address. And, the most recent Orders issued by this Court have been returned as undeliverable. Dkt. Nos. 75 & 78.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20,

1998); *Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699.

It appears that the last communication received from Plaintiff in this case was more than eleven months ago when, on October 29, 2013, the Court received his Reply regarding Defendants' Response to his last Motion for Preliminary Injunction. Dkt. No. 70. Because that Motion was fully briefed, and with the original Scheduling Order deadlines expiring, we would not have expected any further communication from Plaintiff during these eleven months, except in certain circumstances such as providing the Court with an updated address. It is clear that in mid-December 2013, Plaintiff's address changed, yet there is no indication that Plaintiff attempted to update his address with the Court or Defendants. Such inaction constitutes grounds for dismissal.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[3] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately

---

[3] It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

As previously noted, we have not had any communication from Plaintiff since his release from DOCCS custody on December 18, 2013, and have no meanse by which to communicate with him. Plaintiff's failure to provide an updated address and make any inquiries as to this action evidences his apparent abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him.

The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. A extension of the discovery deadline was recently granted in order for Defendants' counsel to take Plaintiff's deposition. Yet, Counsel has no ability to comply with the Court's Order if he cannot communicate with Plaintiff. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his

"reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, we recommend that this action be dismissed. Nevertheless, in light of Plaintiff's *pro se* status, we recommend that the dismissal of this action be without prejudice.[4]

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[4] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Date: September 5, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge